_____FILED _____ENTERED
_____LODGED _____RECEIVED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

OCT 2 2 1999

~~ ~~~~~ ~~~~~~~ COURT
DISTRICT OF MARYLAND
                                    DEPUTY

| | | |
|---|---|---|
| SEE MARN HON | : | |
| | : | |
| v. | | Civil Action WMN-96-2523 |
| | : | |
| BALTIMORE INTERNATIONAL | | |
| COLLEGE, INC. | : | |

<u>MEMORANDUM</u>

This suit was originally brought in August 1996.  Plaintiff alleged that Defendant discriminated against him on the basis of his national origin.  In October 1997, the parties entered into a settlement agreement pursuant to which Defendant agreed to re-employ Plaintiff and Plaintiff agreed to dismiss this lawsuit, with prejudice.  In compliance with the agreement, Defendant re-hired Plaintiff and Plaintiff executed a Stipulation of Voluntary Dismissal with Prejudice.  Plaintiff now alleges in his "Motion to Reopen Based on Violation of Settlement Agreement and Resumption of Discriminatory Treatment," Paper No. 13, that Defendant began again to treat Plaintiff in a discriminatory manner, both because of his national origin and in retaliation for his filing a lawsuit.

Plaintiff's motion to reopen will be denied.  While there is authority under Rule 60(b)(6) for vacating a prior dismissal when a settlement agreement has been breached, the exercise of that authority is left to the discretion of the district court. <u>Harman v. Pauley</u>, 678 F.2d 479 (4th Cir. 1982).  In this

instance, it is not clear that there has been a breach of the agreement.  Pursuant to the settlement agreement, Defendant agreed to rehire Plaintiff and investigate Plaintiff's claim for accrued vacation paid.  This Defendant did.  Plaintiff acknowledges that he was "returned to his position with the Defendant effective October 4, 1997; resumed his former rank and was compensated for the loss of salary increase which occurred during the Plaintiff's absence from the position."  Motion at ¶ g.

The Court also concludes that Plaintiff's current motion was not timely brought.  A motion pursuant to Rule 60(b)(6) must be made "within a reasonable time."  Plaintiff alleges that the discriminatory and retaliatory conduct began as early as the fall 1997 semester.  See Motion at ¶ i.  Plaintiff did not bring this motion until September 3, 1999, almost two years later.  See Hernandez v. Compania Transatlantica, Civil Action No. 96-0716, 1998 WL 241530 (E.D. La. May 7, 1998)(denying motion to reopen based upon breach of settlement agreement filed eight months after dismissal).

Finally, in exercising its discretion under Rule 60(b), the Court considered the fact that Plaintiff is not without other recourse.  To the extent Plaintiff desires to assert a claim based upon Defendant's breach of the settlement agreement, Plaintiff can bring a separate contract claim.  The Court notes

that this Court would have no independent jurisdiction over this breach of contract claim.  See <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 378 (1994)(holding district court lacked jurisdiction over a claim for breach of a settlement agreement that ended earlier federal court lawsuit).  To the extent that Plaintiff seeks relief based upon new incidents of discriminatory or retaliatory conduct, Plaintiff can file a new action, after exhausting any administrative remedies that might be mandated. This new action would, of course, be limited to the new incidents of discrimination -- any liability based on conduct prior to the settlement agreement having been resolved by that settlement.

For these reasons, Plaintiff's motion to reopen will be denied.  A separate order will issue.


_____
William M. Nickerson
United States District Judge


Dated: October 22, 1999.